### STACHELBERG and others v. PONCE.

*(Circuit Court, D. Maine. February 23, 1885.)*

TRADE-MARK—USE BY ASSIGNEE OR PURCHASER—DECEPTION—INFRINGEMENT—INJUNCTION.

    An assignee or purchaser of a trade-mark from the original proprietor must in the use thereof indicate that he is assignee or purchaser, or he will not be entitled to protection in the use of the mark so assigned.

In Equity.
*Clarence Hale*, for complainants.
*William Henry Clifford*, for defendant.

COLT, J. In this suit the complainants claim the exclusive right to the use of the trade-mark "La Normandi," or "Normandi," which is applied to a brand of cigars, and charge the defendant with infringement in using the words "E. P. Normanda," or "Normanda," or "Normandie," upon a brand of cigars made and sold by him. The complainant Stachelberg obtained, by assignment from one Asher Bijur, of New York, the exclusive right to use this trade-mark, and he subsequently conveyed the right to the firm of Stachelberg & Co., the complainants. It appears that Bijur was the originator of the trade-mark, and had used it for some years, building up quite an extensive sale for this brand of cigars by reason of their good quality. The original trade-mark bore the name of the maker, "A. Bijur," and

also the initials "A. B." Upon the assignment of the trade-mark to Stachelberg, he substituted his own name, "M. Stachelberg," and the initials "M. S." In this form the trade-mark was registered by Stachelberg & Co. in 1876, under the United States law, which has since been declared unconstitutional. *Trade-mark Cases,* 100 U. S. 82. In this case, therefore, the complainants stand on their common-law rights.

The defendant denies the charge of infringement, and rests his defense on various grounds. Whatever may be thought of the remaining defenses, there is one point which we think is well taken, and therefore fatal to any relief prayed for in the bill. In the use of the trade-mark the complainants do not state that it was obtained by assignment or purchase from A. Bijur. Bijur originated the trade-mark, and it thus became a sign of the quality of the article he sold, and an assurance to the public that it was the genuine product of his manufacture. A trade-mark must, either by itself or by association, point distinctively to the origin or ownership of the article to which it is applied. *Canal Co.* v. *Clark,* 13 Wall. 311. It imports that the article is made by the original proprietor, and therefore genuine, and the law protects the original proprietor, not only as a matter of justice, but to prevent imposition on the public. *Manhattan Medicine Co.* v. *Wood,* 108 U. S. 218; S. C. 2 Sup. Ct. Rep. 436.

Now, in order that the public may not be deceived, it is essential that an assignee or purchaser of the original proprietor should indicate in the use of the trade-mark that he is assignee or purchaser,—*Sherwood* v. *Andrews,* 5 Amer. Law Rég. (N. S.) 588,—otherwise the public are misled into purchasing the goods of another manufacturer or vendor as those of the original proprietor. If these complainants have any right of action against the defendant, it is upon the ground that, by copying the trade-mark "La Normandi" in substance, he is misleading the public by false representations into the purchase of his cigars as those made by A. Bijur, the original proprietor of the trade-mark. *Canal Co.* v. *Clark, supra.* And so these complainants, in failing to give notice that they are the purchasers and assignees of the trade-mark from A. Bijur, are practicing the same deception towards the public which they charge against the defendant. The fact that the name "M. Stachelberg" is attached to the trade-mark can no more relieve the complainants of the charge of misrepresentation as to the public than the use of the name "E. Ponce" or "E. P." can relieve the defendant of such a charge. It is the use of the fanciful words "La Normandi," or words of substantial similarity, that is calculated to mislead. The supreme court, in *Manhattan Medicine Co.* v. *Wood, supra,* declare that the object of a trade-mark being to indicate by its meaning and association the origin or ownership of the article, it would seem that when a right to its use is transferred to others, either by act of the original manufacturer or by operation of law, the fact of transfer should be stated in connection with its use, otherwise a de·

ception would be practiced upon the public, and the very fraud accomplished, to prevent which courts of equity interfere to protect the exclusive right of the original manufacturer.

Under the rule laid down in *Manhattan Medicine Co.* v. *Wood*, the complainants have no standing in a court of equity, and the bill must be dismissed.